UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAMION HARDY,

        Plaintiff,

    v.

UNITED NATIONS, et al.,

        Defendants.

Case No.  26-cv-00395-VC

**ORDER OF DISMISSAL; DENYING MOTION FOR RECUSAL**

Damion Hardy, a federal prisoner at United States Penitentiary Victorville, sent a letter to the court that the clerk opened as a *pro se* complaint pursuant to 42 U.S.C. § 1983. Hardy subsequently filed a complaint that is before the court for screening pursuant to 28 U.S.C. § 1915A. For the reasons identified below, the complaint is dismissed. In addition, the motion for recusal (Dkt. No. 13) is denied.

**DISCUSSION**

    a.    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### b.    Hardy's Allegations

Hardy's complaint seeks his immediate release from federal prison or transfer to a Delaware or international prison. He alleges that he was discovered in global waters in 1978 and was brought to the United States against his will and raised by strangers in New York, but he is not a citizen of any country. None of the defendants he names are state actors acting under the color of state law, and they cannot be sued pursuant to section 1983. He has not identified any conduct by any defendant that violated his constitutional rights.

### CONCLUSION

The motion for recusal is denied as frivolous. The case is dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July 13, 2026

VINCE CHHABRIA
United States District Judge

United States District Court
Northern District of California

2